134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George L. SMITH, Defendant-Appellant.
 No. 96-10351.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 8, 1997.
Decided Jan. 14, 1998.
 
 Before SKOPIL, D.W. NELSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant George L. Smith ("Smith") appeals his jury conviction after a retrial on five counts of making false statements in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Smith, the principal and CEO of Smith Engineering and Contract Services, Inc. ("Smith Inc."), entered into a series of cost-plus contracts with NASA-Ames Research Center to provide various services. Under the terms of these agreements, Smith Inc. passed on to NASA direct and indirect costs in interim bills. These costs included charges for workers' compensation insurance and general insurance.
 
 
 4
 Smith and Smith Inc. were indicted on five counts, each charging a violation of 18 U.S.C. § 1001 (False Statement to an Agency of the United States). Each count alleged that Smith had knowingly and wilfully submitted a false cost submission to the Defense Contract Audit Agency and to NASA with particular knowledge that the figures for workers' compensation insurance costs and for general insurance costs were false.
 
 
 5
 Both Smith and Smith Inc. were convicted on all counts of the indictment. Only Smith appeals the conviction. On appeal, Smith argues that the district court erred in failing to give a specific unanimity instruction because some jurors may have based their guilty verdicts on the basis that the workers' compensation figures were false, while others may have found only the general insurance figures to be false.
 
 II.
 
 6
 We review the district court's failure to give a specific unanimity instruction for plain error because Smith failed to request such an instruction. United States v. Musacchio, 968 F.2d 782, 789 n. 12 (9th Cir.1992); United States v. Payseno, 782 F.2d 832, 834 (9th Cir.1986). Only "[r]arely will an improper jury instruction justify a finding of plain error." United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988), modified on other grounds, 872 F.2d 334 (9th Cir.1989). Accord Musacchio, 968 F.2d at 789 n. 12; United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.1989).
 
 
 7
 Under plain error analysis, in order to reverse, we must find (1) an error (2) that is plain and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993); United States v. Perez, 116 F.3d 840, 846 (9th Cir.1997) (en banc). If each of these prongs is met, then we have discretion under Federal Rule of Criminal Procedure 52(b) to correct the error, but we are not required to do so. Olano, 507 U.S. at 735-37; Perez, 116 F.3d at 846. Generally, "[i]mproper jury instructions will rarely justify a finding of plain error." United States v. Armijo, 5 F.3d 1229, 1232 (9th Cir.1993) (citations omitted). An error is not plain unless it "is so clear cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." United States v. Turman, 122 F.3d 1167, 1170 (9th Cir.1997).
 
 
 8
 Assuming that Smith could show prejudice, his argument still must fail because he cannot meet the second prong of the Olano test. "[A] court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." Olano, 507 U.S. at 734; see also Perez, 116 F.3d at 846 ("An error is plain when it is 'clear' or 'obvious' under the law."). Smith cannot point to even a single case that clearly and unambiguously would have required the trial court to give a specific unanimity instruction. Accordingly, Smith has failed to carry his burden of demonstrating that the district court committed plain error.
 
 
 9
 III,
 
 
 10
 Because the failure to give a specific unanimity instruction was not clearly required under existing law, the trial court did not commit plain error. Accordingly, the judgment of the district court is,
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except, as provided by Ninth Cir. R. 36-3